UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JAMES REDWINE, § | |
|         Plaintiff § | |
| v. § | |
| § | CIVIL ACTION NO. 5:09-cv-00167-C |
| ABERNATHY INDEPENDENT § | |
| SCHOOL DISTRICT, § | |
|         Defendant § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff James Redwine brings this cause of action against Defendant Abernathy Independent School District (ISD), the owner of the high school sports facility ("facility"), located behind Global Pumps & Equipment, at 17922 N. I-27, Abernathy, TX 79311. Plaintiff respectfully shows that the facility is not accessible to individuals with mobility disabilities, in violation of state and federal law.

STATEMENT OF CLAIM

1. James Redwine, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorneys' fees, costs, and litigation expenses against Defendant for violations of Title II of the Americans with Disabilities Act, 42 U.S.C.A. §12181 ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"); Section 504 of the 1973 Rehabilitation Act, 29 U.S.C.A. §794 (2009) ("Section 504"); Texas Accessibility Standards ("TAS"), promulgated under Texas Architectural Barriers Act ("TABA"), Tex. Gov't. Code Ann. § 469, and Chapter 121 of the Texas Human Resources Code, Tex. Hum. Res. Code Ann. §121.001, *et seq*. ("Chapter 121").

2. Defendant has denied Mr. Redwine the ability to enjoy events at its facility because it is inaccessible to people in wheelchairs.

## JURISDICTION AND VENUE

3. This action is brought pursuant to Title II of the ADA, Section 504, Chapter 121, and TABA. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2201, and the aforementioned federal statutory provisions. Mr. Redwine further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367(a), to consider his state law claims.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in the City of Abernathy, wherein Abernathy ISD operates and the baseball field is located.

## PARTIES

5. James Redwine has mobility impairments and uses a wheelchair. He is a "qualified individual with a disability" within the meaning of ADA Title II, Section 504, and Chapter 121.

6. Defendant Abernathy ISD is a governmental entity that operates all schools in its district under the laws of the State of Texas. Abernathy ISD owns and operates the facility. This facility serves as a venue for athletic and other events that are provided for and open to the general public and is therefore a public accommodation as defined by the ADA. 28 C.F.R. § 36.104 (2009).

7. Defendant Abernathy ISD may be served process through its Superintendent, Herb Youngblood, at 505 7th Street, Abernathy, Texas 79311.

## FACTUAL ALLEGATIONS

8. Because of Mr. Redwine's disabilities, certain accommodations are necessary to allow him access to public facilities, such as the facility. He is also a big baseball fan

and was excited to cheer on the Abernathy High School baseball team in a post-season playoff game against the Post High School baseball team.

9. Mr. Redwine visited the facility to watch the Abernathy High School baseball team in a post-season baseball game against the Post High School baseball team on April 27, 2009.

10. He was also eager to see the changes Defendant made to the facility. Last fall, the whole south end of Abernathy was blacked out when new lights were put up in the facility. When Mr. Redwine was at the facility to watch the baseball game, he also noticed there were new stands connected by recently poured asphalt.

11. Mr. Redwine was not able to park his golf cart at the facility, as he knew the designated disability parking spaces are un-paved dirt and gravel spots. The parking area for the facility is a dirt and gravel field. Therefore, the designated parking spaces are not level – they are full of holes, depressions, and various high spots. Furthermore, these parking spots are not stripped; there are signs designating two accessible spaces, however, there is no way to know how wide the spaces are. Thus Defendant's designated parking spaces are completely inaccessible to Mr. Redwine.

12. Because Mr. Redwine could not park at the facility, he had to use a quarter-mile road that connects the facility to the interstate access road. The connecting road is dirt and gravel, and beat-up Mr. Redwine's wheelchair as he was going down the road. Traveling down the un-paved road was also very bumpy, making it difficult and uncomfortable for Mr. Redwine to get to the facility.

13. When Mr. Redwine reached the facility's stands, there was no designated wheelchair and companion seating. Therefore, Mr. Redwine was forced to sit in his wheelchair at ground level to watch the baseball game.

14. Because Mr. Redwine was forced to sit at ground level, different fans kept walking in front of him and bumping into him. Mr. Redwine first tried to sit between the two sets of bleachers, then between the concession stand and the bleachers, and finally between the concession stand and a fence, all to no avail.

15. Although Mr. Redwine kept moving to avoid crowds in order to see the baseball game, he was not able to find a spot where he could watch without crowds blocking his view. Mr. Redwine tried to watch the game from various locations on the ground but eventually had to leave the game, missing the Abernathy Antelopes' big win.

## CAUSES OF ACTION

I. <u>Violations of Title II of the ADA</u>

16. Under the ADA, "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases, (or leases to) or operates a place of public accommodation." 42 U.S.C.A. § 12182(a) (2009); 28 C.F.R. § 36.201(a) (2009).

17. Title II of the ADA, governing state and local governmental entities, protects persons from discrimination on the basis of disability by public entities. 42 U.S.C.A. §§ 12131-12134 (2009); 28 C.F.R. Part 35 §35.101 *et seq*.

18. Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subject to discrimination by any [public] entity." 42 U.S.C.A. §12132 (2009). Mr. Redwine qualifies as having a "disability" within the meaning of Title II.

19.   Title II defines "public entity" in pertinent part as "any state or local government; any department, agency, special purpose district, or other instrumentality of a State or . . . local government . . ." 42 U.S.C.A. §12131(1) (2009); 28 C.F.R. §35.104 (2009).  Defendant Abernathy ISD is a public entity within the meaning of Title II.

20.   Under Title II of the ADA, programs and activities of public entities *must* be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial and administrative burden" to the entity.  28 C.F.R. §§35.149-150 (2009).  It is the burden of the entity to prove that compliance would result in such fundamental alteration must be made after "considering all resources available for use in the funding and operation of service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion." 28 C.F.R. §35.150(a)(3) (2009).  Defendant cannot meet this burden.

21.   ADAAG sets forth the standards for accessibility in order to comply with the ADA.  ADAAG applies to the facility.  ADAAG applies regardless of whether the facility is a new or old construction, since removal of the barriers described herein are readily achievable within the meaning of the ADA.  42 U.S.C.A. §12131(c) and 12204.

22.   The Abernathy baseball field fails to meet these ADAAG requirements:

   a. Section 4.5.1 provides that "ground . . . surfaces along accessible routes . . . shall be stable, firm, slip-resistant".  Defendant's route from the interstate access road to the facility is neither stable nor firm.  The path to the facility is made of dirt and gravel, making it difficult, if not impossible, for people with mobility impairments to get to the facility.  Defendant's path to the facility does not comply with ADAAG and constitutes a violation of Title II.

   b. Section 4.6.3 provides that "parking spaces and access aisles shall be level . . . in all directions".  Defendant's accessible parking spaces for the facility are part of an unpaved dirt and gravel field.  Furthermore, defendant's accessible parking spaces are full of holes, depressions, and

      various high spots. Defendant's unlevel accessible parking spaces do not comply with ADAAG and constitutes a violation of Title II.

  c. Section 4.6.3 provides that "accessible parking spaces shall be at least 96 inches (2440 mm) wide" for vans or 60 inches (1525 mm) wide for cars. Defendant's parking area for the facility is an unpaved dirt and gravel field, and so it is not stripped. Without stripped markings, the width of the accessible parking spaces is unclear. Defendant's un-stripped accessible parking spaces for the facility do not comply with ADAAG and constitutes a violation of Title II.

  d. Section 4.33.3 provides that "wheelchair areas shall be an integral part of any fixed seating plan and shall be provided so as to provide people with physical disabilities a choice of . . . lines of sight comparable to those for members of the general public". Defendant does not provide an accessible wheelchair area at its facility. People with physical disabilities are forced to sit at the ground level, making it difficult for them to enjoy the current event at Defendant's facility. Defendant's lack of choice in lines of sight for Mr. Redwine or others with physical disabilities does not comply with ADAAG and constitutes a violation of Title II.

  e. Section 4.33.3 provides that "at least one companion fixed seat shall be provided next to each wheelchair seating area". Defendant does not provide any companion seating in the facility's stands. Defendant's lack of provided companion seating does not comply with ADAAG and constitutes a violation of Title II.

23. Defendant has discriminated against Mr. Redwine, due to his disabilities, and those similarly situated, and continues to do so, by depriving them of the full enjoyment of the facilities, privileges, advantages, or accommodations of the facility, thereby violating 42 U.S.C. §12182(a) and 28 C.F.R. §36.201(a).

24. Defendant has denied, and continues to deny, Mr. Redwine, because of his disabilities, and those similarly situated, the opportunity to participate in, and benefit from, the Abernathy baseball field facilities, advantages, and accommodations, thus violating 42 U.S.C. §12182(b)(1)(A)(i) and 28 C.F.R. §36.202(a).

25. Moreover, Defendant's conduct has denied, and continues to deny, Mr. Redwine because of his disabilities, and those similarly situated, the opportunity to

participate in or benefit from a service, facility, or accommodation that is equal to that afforded to other individuals, thereby violating 42 U.S.C. §12182(b)(1)(A)(ii) and 28 C.F.R. §36.202(b).

II.   Violations of Section 504

26. Section 504 states, "no otherwise qualified person with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be the subject to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C.A. §794(a) (2009).

27. Section 504 imposes an affirmative obligation upon public entities to make reasonable accommodation for disabled individuals. 29 U.S.C.A. §794(a).

28. Under 34 C.F.R. § 104.3(k)(2)(ii), *program or activity* means all of the operations of a local educational agency, system of vocational education, or other school system. Defendant is a local education agency or school system for purposes of Section 504 compliance, and as such all of its operations fit within the definition of program or activity.

29. Defendant receives federal funding within the meaning of Section 504. 29 U.S.C.A. §794(a), (b).

30. As part of its programs and activities, Defendant operates the complained of facility for sporting events that are open to the general public for people of all ages.

31. The facility constitutes new construction or alterations under 34 C.F.R. § 104.23 and as such must be readily accessible to and usable by handicapped persons. Mr. Redwine is a qualified handicapped person for purposes of this section and is entitled to access to the facility under Section 504. 34 C.F.R. §§ 104.3(j), 104.3(l)(4), 104.21, and 104.23.

32. For purposes of Section 504, the facility must meet, at a minimum, either the Uniform Federal Accessibility Standards (UFAS) or the ADA Accessibility Guidelines (ADAAG). 34 C.F.R. § 104.23. *See* U.S. Dept. of Justice, ADA Title II Technical Assistance Manual §§ II-1.4100 (ADA to be interpreted consistent with Section 504) and II-6.2000-2100 (discussing choice of design standard between UFAS and ADAAG).

33. The same violations of Title II of the ADA, described above, therefore are herein incorporated as violations of Section 504 and extend to the Defendant if the ADAAG standard is used to measure Section 504 compliance. Corresponding violations exist under Sections 4.3, 4.5, 4.6 and 4.33 of the UFAS if that standard is applied.

34. Defendant has discriminated against Mr. Redwine, due to his disabilities, and those similarly situated, by depriving them of the benefits of its programs and activities in constructing or altering a facility and failing to make it accessible, in violation of 29 U.S.C. § 794(a) and 34 C.F.R. §§ 104.21 and 104.23.

III. Violations of Chapter 121 and TABA

35. Texas law creates a cause of action for people with disabilities against any person, firm, association, corporation, or other organization that deprives them of their civil liberties. TEX. HUM. RES. CODE ANN. §§121.003(d)(1), 121.004(b) (Vernon 2009).

36. Chapter 121 of the Texas Human Resources Code applies to all public facilities. Defendant's facility is a "public facility" within the meaning of Chapter 121. *Id*. §121.002(5).

37. The policy of the State of Texas is to "enable persons with disabilities to participate fully in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise *fully enjoy and use all public facilities available within the state*." *Id*. §121.001 (emphasis added).

8

38. Further, section 121.003(c) of the Texas Human Resources Code provides, "No person with a disability may be denied admittance to any public facility in the state because of the person's disability." *Id*. §121.002(5).

39. TABA applies to publicly funded buildings or facilities, constructed or substantially renovated, modified, or altered on or after January 1, 1970. TEX. GOV. CODE ANN. §469.003(a)(1) (Vernon 2009). The term "facility" includes "[a]ll or any portion of… roads, walks, [and] passageways." 16 TEX. ADMIN. CODE §68.10(14) (Vernon 2009). Defendant has built, renovated, or modified the facility since 1970, thus bringing them within the ambit of TABA.

40. Under Chapter 121, "discrimination" includes "a failure to: (1) comply with Articles 9102, Revised Statutes [TABA]; (2) make reasonable accommodations in policies, practices, and procedures; or (3) provide auxiliary aids and services necessary to allow the full use and enjoyment of the public facility." TEX. HUM. RES. CODE ANN. §121.003(d).

41. Defendant's facility is a "facility used by the public" within the meaning of TABA and its interpreting regulations. TEX. GOV. CODE ANN. § 469.003(a)(1); 16 TEX. ADMIN. CODE §68.20(a) (Vernon 2009). It is a "facility constructed in this state . . . using federal money." TEX. GOV. CODE ANN. §469.003(b); *see also* 16 TEX. ADMIN. CODE §68.20(a).

42. Pursuant to section 469.052 of the Texas Government Code, the Texas Department of Licensing and Regulation adopted Texas Accessibility Standards (TAS) as the minimum standards for compliance with TABA. Modeled after ADAAG, the goal of TAS is to encapsulate the requirements of public facilities necessary to meet state standards of accessibility. Defendant's violations of Sections 4.5, 4.6, and 4.33 of

ADAAG, as alleged above, also constitute violations of the corresponding sections of TAS.

43. Further, each of Defendant's violations of TABA constitutes separate violations of Chapter 121. Defendant has denied, and continues to deny, Mr. Redwine and others similarly situated, on the basis of their disabilities, the same rights that able-bodied persons have to the full use and enjoyment of that public facility. This is a violation of section 121.003(a) of the Texas Human Resources Code.

## INJUNCTIVE RELIEF

44. Because Mr. Redwine will continue to experience unlawful discrimination as a result of Defendant's failure and refusal to comply with the ADA, Section 504, TABA, and Chapter 121, injunctive relief is necessary to order Defendant to modify the accessible parking, road to the facility, and the facility's seating.

## DECLARATORY JUDGMENT

45. Mr. Redwine is entitled to a declaratory judgment concerning each of Defendant's violation of law, specifying the rights of persons with disabilities regarding the facilities and services available to the public at the Defendant's facility.

## ATTORNEY'S FEES AND COSTS AND DAMAGES

46. Mr. Redwine is entitled to reasonable attorney's fees and court costs, pursuant to the ADA and 42 U.S.C. §1988.

47. Plaintiff is entitled to collect damages no less than $100 per violation of Chapter 121.004 for deprivation of her civil liberty. Tex. Hum. Res. Code § 121.004(a) (Vernon 2007).

## PRAYER FOR RELIEF

Therefore, Mr. Redwine respectfully requests this Court to award the following relief:

A. Issue a permanent injunction, requiring Defendant, its agents, servants, and employees, and all persons acting in concert with Defendant, to eliminate all barriers described herein that prevent Mr. Redwine and people with disabilities from having access to goods, services, facilities, privileges, advantages, and accommodations of the facility, and enjoining Defendant from holding any previously scheduled or unscheduled events at the facility until it has eliminated all barriers described herein that prevent Mr. Redwine and people with disabilities from having access to goods, services, facilities, privileges, advantages, and accommodations violating the ADA, Section 504, Chapter 121, and TABA, and from discriminating against Mr. Redwine and people with disabilities, at any time in the future in violation of the law;

B. Enter declaratory judgment that Defendant's practices, policies, and procedures in the past have prevented, and continue to prevent, Mr. Redwine and similarly situated individuals from fully accessing the facility, and discriminate against them, in violation of the ADA, Section 504, Chapter 121, and TABA;

C. Award Plaintiff actual and/or statutory damages in the amount of at least $100 per violation of Chapter 121 of the Texas Human Resources Code;

D. Find that Mr. Redwine is the prevailing party in this action, and order Defendant liable for all of Mr. Redwine's attorney's fees, costs, and litigation expenses; and

E. Grant such other and additional relief to which Mr. Redwine may be entitled.

Dated: March 2, 2010

    Respectfully submitted,

    By:  /s/ Joseph P. Berra

    Joseph P. Berra
    State Bar No. 24027144
    James C. Harrington
    State Bar No. 09048500
    Wayne Krause
    State Bar No. 24032644

    TEXAS CIVIL RIGHTS PROJECT
    1405 Montopolis Drive
    Austin, Texas 78741-3438

                                          (512) 474-5073 [phone]
                                          (512) 474-0726 [fax]

                                      ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

Service of Process has not yet been effected in this matter. However, the undersigned counsel has been in communication with attorney for Defendant in this matter, and I hereby certify that on March 2, 2010, a true and correct copy of the foregoing Plaintiff's First Amended Complaint was served on attorney for Defendant by first class mail to:

Cheryl T. Mehl
Schwartz & Eichelbaum
4201 W. Parmer Ln.
Ste. A-100
Austin, TX  78727

                                        ____/s/ Joseph P. Berra___